# THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| CHANEL, INC., a New York corporation, and TIFFANY (NJ), LLC., a Delaware limited liability company,<br><br>    Plaintiffs,<br><br>v.<br><br>T-SHIRT WEARHOUSE, INC., et al.<br><br>    Defendants. | CASE NO. 8:10-cv-1551-T30-AEP<br><br>**STIPULATED CONSENT FINAL JUDGMENT AND PERMANENT INJUNCTION** |

Plaintiffs, Chanel, Inc., a New York corporation ("Chanel") and Tiffany (NJ), LLC, a Delaware limited liability company ("Tiffany") (collectively the "Plaintiffs"), and Defendants T-Shirt Wearhouse, Inc., an inactive Florida corporation, Richard Levy and Doreen Levy, individuals, individually and jointly, d/b/a T-Shirt Wearhouse (collectively the "Defendants" or the "T-Shirt Wearhouse Defendants"), stipulate and consent to the following:

**WHEREAS**, the T-Shirt Wearhouse Defendants adopted and began using trademarks in the United States which allegedly infringed Chanel's various registered trademarks: : [logo], [logo], [logo], [logo], and CHANEL (the "Chanel Marks") and T & CO., TIFFANY, TIFFANY & CO., [logo], [logo] and [logo] (the "Tiffany Marks") (collectively the "Plaintiffs' Respective Marks" or "Respective Marks") as identified in Paragraphs 8 and 9, respectively, to Plaintiffs' Complaint;

1

**WHEREAS**, the T-Shirt Wearhouse Defendants' use of names and marks which allegedly incorporate one or more of the Plaintiffs' Respective Marks is likely to cause confusion as to source or origin;

**WHEREAS**, without the admission of any liability, the parties desire to settle and have amicably resolved their dispute to each of their satisfaction; and

**WHEREAS**, based upon Plaintiffs' good faith prior use of the Plaintiffs' Respective Marks, Plaintiffs' have superior and exclusive rights in and to the Plaintiffs' Respective Marks in the United States and any confusingly similar names or marks.

IT IS STIPULATED, ORDERED, ADJUDGED AND DECREED that:

1. The T-Shirt Wearhouse Defendants and their respective officers, agents, servants, employees and attorneys, and all persons in active concert and participation with them are hereby restrained and enjoined, pending termination of this action from:

   A. manufacturing or causing to be manufactured, importing, advertising, or promoting, distributing, selling or offering to sell counterfeit and infringing goods; bearing the Plaintiffs' Respective Marks;

   B. using the Plaintiffs' Respective Marks in connection with the sale of any unauthorized goods;

   C. using any logo, and/or layout which may be calculated to falsely advertise the services or products of the T-Shirt Wearhouse Defendants as being sponsored by, authorized by, endorsed by, or in any way associated with the Plaintiffs;

   D. falsely representing the T-Shirt Wearhouse Defendants as being connected with the Plaintiffs, through sponsorship or association,

E. engaging in any act which is likely to falsely cause members of the trade and/or of the purchasing public to believe any goods or services of the T-Shirt Wearhouse Defendants, are in any way endorsed by, approved by, and/or associated with the Plaintiffs;

F. using any reproduction, counterfeit, copy, or colorable imitation of the Plaintiffs' Respective Marks in connection with the publicity, promotion, sale, or advertising of any goods sold by the T-Shirt Wearhouse Defendants, including, without limitation, high quality jewelry, bracelets, necklaces, earrings, watches, handbags and sunglasses;

G. affixing, applying, annexing or using in connection with the sale of any goods, a false description or representation, including words or other symbols tending to falsely describe or represent the T-Shirt Wearhouse Defendants' goods as being those of the Plaintiffs, or in any way endorsed by the Plaintiffs;

H. offering such goods in commerce; and from otherwise unfairly competing with the Plaintiffs.

I. secreting, destroying, altering, removing, or otherwise dealing with the unauthorized products or any books or records which contain any information relating to the importing, manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising,

        promoting, renting or displaying of all unauthorized products which infringe the Plaintiffs' Respective Marks; and

    J.    effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (A) through (I).

2.    Any party shall have the right to seek sanctions for contempt, compensatory damages, injunctive relief, attorneys' fees, costs, and such other relief deemed proper in the event of a violation or failure to comply with any of the provisions hereof. The prevailing party in any such proceeding shall be entitled to recover its attorneys' fees and costs.

3.    Judgment is hereby entered in favor of the Plaintiffs and against the T-Shirt Wearhouse Defendants as to Counts I and II of the Complaint. This Consent Final Judgment shall be conclusive for purposes of collateral estoppel regarding all issues that have been or could have been brought on the same operative facts.

4.    The parties' respective attorney's fees and costs incurred in connection with this action shall be borne as per the agreement of the individual parties in their Settlement Agreement.

5.    This Court will retain continuing jurisdiction over this cause for a period of one year from the date of entry to enforce the terms of this Consent Final Judgment and the Settlement Agreement between the parties.

6.    All non-genuine goods surrendered to the Plaintiffs by the T-Shirt Wearhouse Defendants on July 17, 2010, or which are currently in the possession, custody and/or control of

the T-Shirt Wearhouse Defendants shall be destroyed under the direction of the Plaintiffs at the conclusion of this case.

      **DONE** and **ORDERED** in Tampa, Florida on this 16th day of December, 2010.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Odd\2010\10-cv-1551.stip consent final judgment .wpd